CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY HOUCHENS, # 142394, <br> Plaintiff, | Civil Action No. 7:05cv00246 |
| v. | **MEMORANDUM OPINION** |
| SGT. HUDDLESTON, et al., <br> Defendants. | By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiff Barry Houchens, # 142394, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at Buckingham Correctional Center defendants failed to protect him from an assault by another inmate and subsequently denied his due process rights during an institutional hearing on charges related to the attack. Additionally, plaintiff reports he has observed gang activity at Sussex II State Prison. As relief, Houchens seeks monetary damages and the expungement of his institutional disciplinary record.

Defendants have filed a motion for summary judgment. The court notified Houchens of the dispositive motion filed by the defendants as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned plaintiff that judgment may be entered against him or the case dismissed if he failed to submit adequate materials within the time permitted for response. Houchens has responded, thus making the underlying motion for summary judgment ripe for disposition.

After a thorough review of the record, the court finds that there exists no issue of material fact and that the defendants are entitled to judgment as a matter of law as to all plaintiff's claims.

I.  **Allegations**

Houchens alleges that on October 16, 2004 he verbally informed defendant Sgt. Huddleston and David Jole that several inmates had been "badgering" him about his suspected involvement in recent cell shake-downs. Additionally, plaintiff avers that he asked Sgt. Huddleston to change his cell assignment and that he spoke to other inmates regarding switching cells around that date. However, Houchens does not contend that he filed any informal or formal grievances related to the alleged incident between himself and Culp nor does he claim that he made a written request to change his cell assignment.

Houchens claims that on October 24, 2004, inmate Culp attacked him. Houchens makes no effort to explain how the fight started. However, in support of his claim that it was unprovoked, Houchens submitted the witness statement of inmate Cohenour. In that statement, Cohenour avers that Culp was seated and that plaintiff approached Culp, and Culp then jumped from his seat, causing plaintiff's coffee to spill, and he then "threw up his hands hitting [plaintiff] in the face and the fight was on."

Following the incident, Houchens was charged with fighting with another person. Additionally he was placed in segregation and his cell was searched. During that search, correctional officers discovered a contraband key lock in a sock. Subsequently, Houchens was charged with possession of a weapon.

On November 2, 2004, a disciplinary hearing was held on both charges. At that time Houchens accepted the penalty offer as to the charge of possession of a weapon and was convicted of fighting with another inmate. He was cumulatively sentenced to 25 days isolation, with credit applied for the time he spent in segregation pending the disciplinary hearing.

-2-

Houchens appealed his conviction for possession of a weapon to the Warden, alleging that his due process rights were violated as to this conviction because the Reporting Officer was not present at the hearing. Because Houchens accepted the penalty offer as to this charge, his conviction was only reviewed to determine if there was a serious error of procedure or in the imposition of the penalty. The Warden found that Houchens knowingly accepted the penalty offer and there were no serious errors of procedure or in the imposition of the penalty, thus denied the appeal. Houchens then appealed to the Regional Director. In that appeal he claimed that he did not accept the penalty offer within the required time frame and that the Institutional Hearing Office ("IHO") was improperly involved in making the penalty offer. On review of the matter, the Regional Director found that Houchens had been ill the day of the hearing and declined to postpone the hearing, he decided to instead, at that time, except the penalty offer. Thus, Houchens conviction was upheld.

Additionally, Houchens appealed his conviction for fighting with another person to the Warden. During the appellate review, the Warden discovered that the tape of the hearing had been damaged, so a re-hearing was granted. Houchens made no further appeal as to the re-hearing.

Also, in his complaint, Houchens makes vague allegations as to alleged gang activity at Sussex II state prison where he is now housed. However, he has not alleged any harm as a result of the activity nor has he presented any evidence which suggests that he has filed any grievances related to this issue.

## II. Analysis

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

### A. Failure to Protect

Defendants contend that Houchens has not exhausted his available administrative remedies as to his claim that defendants failed to protect him from another inmate. Plaintiff does not specifically address this issue, he merely states that he is not required to exhaust such remedies as he is raising due process issues. Furthermore, he claims that he filed grievances and "inmate kites," but that defendants did not respond. However, he has provided no evidence to

support his contention that he filed any grievances related to this issue nor has he even alleged that he attempted to pursue his grievances beyond the lowest level of review.

Under 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Nussle v. Porter, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001).

In as much as Houchens admits that he has not pursued his administrative remedies because he does not believe that provision of the code applies to him, the court finds that his allegation of failure to protect is not exhausted. However, even if Houchens had exhausted as to his failure to protect claim, I find that he has not raised any question of material fact and that defendants are entitled to judgment as a matter of law.

Houchens alleges that the defendants failed to protect him from inmate Culp after plaintiff had verbally advised defendant Huddleston and Catron that Culp had been "badgering" and threatening him. Generally, prison officials have a duty to protect prisoners from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every

-5-

incident of violence subjects prison officials to liability under the Eight Amendment. Id. at 834. Rather, the inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Id. Deliberate indifference requires a showing that defendants were more than just negligent as to the plaintiff's safety. Estelle v. v. Gamble, 492 U.S. 97, 104 (1976). Specifically, plaintiff must show that prison officials knew of and disregard an excessive risk of harm. Farmer, 511 U.S. at 838.

Plaintiff alleges that he verbally informed defendants that he had been threatened by inmate Culp and that Culp thereafter attacked him. However, as noted above, plaintiff did not file any grievances regarding the alleged incident nor did he submit a written request for a cell change. Additionally, plaintiff has provided no evidence to support his claims that he was actually in any danger or that prison officials were aware that Culp posed any significant threat to plaintiff. Plaintiff has not alleged that Culp had an established pattern of violence or aggression nor that prison officials were aware of any propensity for violence. Accordingly, plaintiff cannot establish that Culp's alleged threat of violence was in itself sufficient to give prison officials sufficient notice of an excessive risk of harm. Furthermore, plaintiff admits that on the day of the incident he approached Culp, initiated the confrontation, and actively participated in the fisticuffs. Finally, plaintiff has not alleged that he actually suffered any harm, much less serious harm as a result of the incident.

Based on the foregoing, the court finds that Houchens has not presented any question of material fact nor has he established that defendants were deliberately indifferent to a risk of serious harm. Therefore, the court finds that defendants are entitled to judgment as a matter of law as to this issue and will grant their motion for summary judgment.

### B. Institutional Hearing

To the extent that Houchens alleges that defendants violated his due process rights afforded under the Fourteenth Amendment by denying his appeal for a rehearing as to the charge of possession of a weapon, it must fail.

Although the Fourteenth Amendment does afford prisoners some procedural due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). When the loss of statutory good time credits are not at issue, a prisoner's liberty interest is "generally limited to the freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995), Wolff v. McDonnell, 418 U.S. 539 (1974). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343.

In this case, Houchens fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. In fact, Houchens admits that his term of confinement was in no way affected by his conviction for possession of a weapon. He was merely sentenced to isolation with credit served for the time he spent in segregation while awaiting the disciplinary hearing. As such, the court finds that Houchens does not claim he has been deprived of any right or allege any facts sufficient to state a cognizable constitutional claim. Therefore, the defendants are entitled to judgment as a matter of law as to this issue and will grant their motion for summary judgment.

Case 7:05-cv-00246-JCT-mfu   Document 18   Filed 09/14/05   Page 7 of 8   Pageid#: 181

### C. Gang Activity

In his complaint, Houchens states that he wants to bring it to the government's attention that there is gang activity in the Sussex II prison. However, Houchens does not contest the defendants' assertion that he has not filed any grievances related to the alleged gang activity. Furthermore, even had he exhausted, Houchens has not alleged any harm as a result of the alleged gang activity. Accordingly, the court finds that defendants are entitled to judgment as a matter of law as to this claim.

### III. Conclusion

Based on the foregoing, the court finds that defendants are entitled to judgment as a matter of law as to all plaintiff's claims. Accordingly, the court will hereby grant defendants' motion for summary judgment in this matter.

The Clerk of the Court is directed to send a certified copy of this Order to plaintiff.

ENTER: This 13th of September, 2005.

*/s/ James C. Turk*
Senior United States District Judge